**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5258**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CAMERON LEE HINTON,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:06-cr-00130-H)

Submitted: February 13, 2008    Decided: February 26, 2008

Before WILKINSON and NIEMEYER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas R. Wilson, GREENE & WILSON, P.A., New Bern, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cameron Lee Hinton pled guilty, without the benefit of a plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). On appeal, Hinton challenges the district court's imposition of the within-guidelines sentence of 188 months' imprisonment. We affirm.

This court will affirm a sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). A sentence that falls within the properly calculated advisory guidelines range is entitled to a presumption of reasonableness. United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of presumption of reasonableness to within-guidelines sentence).

Hinton's sentence was driven by his designation as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007) ("ACCA"). Hinton does not challenge this designation. Rather, he claims the district court committed procedural error by automatically applying the guidelines enhancements applicable to armed career criminals without considering the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). See U.S. Sentencing Guidelines Manual

§ 4B1.4(b) (2006). Hinton further claims his sentence is substantively unreasonable because the enhancement of his sentence pursuant to the ACCA resulted in excessive punishment that is cruel and unusual in violation of the Eighth Amendment. For the reasons that follow, we affirm.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. The district court must first calculate the appropriate advisory guidelines range, making any necessary factual findings. Moreland, 437 F.3d at 432. The court should then afford the parties "an opportunity to argue for whatever sentence they deem appropriate." Gall v. United States, 128 S. Ct. 586, 596-97 (2007). Then, the sentencing court should consider the resulting advisory guidelines range in conjunction with the factors set out in 18 U.S.C. § 3553(a), and determine whether those factors support the sentence requested by either party. Id.

In Hinton's case, the district court correctly calculated the advisory guidelines range of 188-235 months' imprisonment. At the sentencing hearing, Hinton's counsel requested the lowest sentence possible under existing law, but made no specific argument regarding any of the § 3553(a) factors. In imposing the low-end of the applicable guidelines range, the district court noted that it had considered the relevant factors under § 3553(a). This court has held that a district court need not "robotically tick through

§ 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." <u>Johnson</u>, 445 F.3d at 345. This is particularly true when the district court imposes a sentence within the applicable guidelines range. <u>Id.</u>; <u>see</u> <u>Rita</u>, 127 S. Ct. at 2468. Because the district court imposed a sentence within the guidelines range, no detailed statement of reasons was required. We find no procedural error.

We review the substantive reasonableness of Hinton's sentence under a deferential abuse of discretion standard. <u>Gall</u>, 128 S. Ct. at 598. Hinton acknowledges we have repeatedly held that sentencing under the ACCA is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment. <u>See</u> <u>United States v. Presley</u>, 52 F.3d 64, 68 (4th Cir. 1995); <u>United States v. Etheridge</u>, 932 F.2d 318, 323 (4th Cir. 1991); <u>United States v. Crittendon</u>, 883 F.2d 326, 331 (4th Cir. 1989). We find his request for a change to existing law without merit.

The Supreme Court has long recognized the propriety under the Eighth Amendment of subjecting recidivists to enhanced penalties. <u>See</u> <u>Rummel v. Estelle</u>, 445 U.S. 263, 284-85 (1980). "Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history." <u>Harmelin v. Michigan</u>, 501 U.S. 957, 994-95 (1991).

- 4 -

Accordingly, we affirm Hinton's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED